UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:  
CHAIM DAVID BENELL

CASE NO: 25-10799MER  
CHAPTER 13

Debtor

CHAPTER 13 TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MAKE PLAN PAYMENTS

Comes now, Adam M. Goodman, Standing Chapter 13 Trustee, and moves this Honorable Court to dismiss this case based on the following:

1. The Debtor filed the instant case under Chapter 13 on February 17, 2025.

2. The Effective Chapter 13 Plan in the above captioned case proposes current monthly payments of $2,000.00 per month.

3. The Debtor has failed to comply with the requirement of making regular monthly Plan payments. The total of payments due through May 2025 is $450.00. The Debtor has paid a total of $150.00, causing a delinquency of $ 300.00, through May.

4. The last payment having been received by the Trustee on March 18, 2025.

5. Payment of $ 300.00, plus the June payment, is required to be current through June 2025.

6. THE DEBTOR SHALL BE ACCOUNTABLE FOR ANY PAYMENTS WHICH BECOME DUE AFTER THE DATE OF THIS MOTION AND UP TO THE DATE OF THE OBJECTION DEADLINE

WHEREFORE, the Trustee requests that this case be dismissed pursuant to 11 U.S.C. § 1307(c)(1) and (6).

Dated: June 13, 2025

By: s/Adam M. Goodman  
Adam M. Goodman  
Standing Chapter 13 Trustee  
P.O. Box 1169  
Denver, CO 80201  
Phone: (303) 830-1971  
Fax: (303) 830-1973  
agoodman@ch13colorado.com

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:  
CHAIM DAVID BENELL

CASE NO: 25-10799MER  
CHAPTER 13

DEBTOR

**NOTICE PURSUANT TO L.B.R. 9013-1 OF CHAPTER 13 TRUSTEE'S MOTION TO DISMISS**

## OBJECTION DEADLINE: June 30, 2025

**NOTICE IS HEREBY GIVEN** that the Chapter 13 Trustee (the "Movant") has filed a Motion to Dismiss with the Bankruptcy Court and requests the following relief: Dismiss Chapter 13 case for failure to make plan payments.

If you oppose the motion or object to the requested relief your objection and request for hearing must be filed on or before the objection deadline stated above, served on the Movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The court will not consider general objections.

In the absence of a timely, substantiated objection and request for hearing by an interested party, the court may approve or grant the requested relief without any further notice to creditors or other interested parties.

Dated: June 13, 2025

By:   s/Adam M. Goodman  
      Adam M. Goodman  
      Standing Chapter 13 Trustee  
      P.O. Box 1169  
      Denver, CO 80201-1169  
      (303) 830-1971  
      Fax: (303) 830-1973  
      agoodman@ch13colorado.com

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:                                                CASE NO: 25-10799MER
CHAIM DAVID BENELL                     CHAPTER 13

DEBTOR

CERTIFICATE OF SERVICE

The undersigned certifies that on June 13, 2025, I served a complete copy of the Chapter 13 Trustee's Motion to Dismiss and Notice on all parties against whom relief is sought and those otherwise entitled to service at the following addresses:

CHAIM DAVID BENELL, 500 LASHLEY STREET,UNIT 22, LONGMONT, CO 80504 ,

BERKUS LAW OFFICE, via CM/ECF

                                                       By:     s/Adam M. Goodman
                                                                Adam M. Goodman
                                                                 Standing Chapter 13 Trustee
                                                                 P.O. Box 1169
                                                                 Denver, CO 80201-1169
                                                                 (303) 830-1971
                                                                 Fax: (303) 830-1973

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

IN RE:                                               CASE NO:  25-10799MER
CHAIM DAVID BENELL                   CHAPTER 13

DEBTOR

ORDER DISMISSING CHAPTER 13 CASE PRIOR TO CONFIRMATION OF PLAN

THIS MATTER comes before the Court on the Motion to Dismiss filed by the Chapter 13 Trustee.  Notice has been given to the Debtor and Debtor's counsel.  No timely objection has been filed.  The Court FINDS that:

1. Cause exists for dismissal of this case pursuant to 11 U.S.C. § 1307.
2. No Plan has been confirmed.
3. No request for delayed revestment of property of the estate has been made.

IT IS THEREFORE ORDERED that:

1. THIS CASE IS DISMISSED. The Clerk of the Court shall serve this Order on all creditors and parties in interest within fourteen (14) days.

2. In accordance with 11 U.S.C. §§ 349(b)(1) and (2), any transfer avoided under §§ 522, 544, 545, 547, 548, 549 or 724(a) of Title 11, or preserved under §§ 510(c)(2), 522(i)(2) or 551 of Title 11 is reinstated; any lien voided under § 506(d) of Title 11 is reinstated; and any Order, judgment or transfer ordered under §§ 522(i)(1), 542, 550, or 553 of Title 11 is vacated.

3. All property of the estate, except payments made by the Debtor to the Trustee, shall revest in the Debtor as of the date of this Order pursuant to 11 U.S.C. § 349.

4. Payments made by the Debtor(s) shall be retained by the Trustee pending payment of claims allowed under § 503(b) pursuant to 11 U.S.C. § 1326(a)(2).
   a. Any request for allowance of a § 503(b) claim shall conform with 11 U.S.C. § 503 and Fed.R.Bankr.P.Rules 9013, 9014, and 2002, and be filed no later than 28 days from the date of this Order.
   b. After determination of the last request, if any, for allowance of § 503(b) claims, the Trustee shall pay all fees imposed by statute and all allowed § 503(b) claims from the Debtors' payments and return any surplus to the Debtor(s) as soon as practicable.

BY THE COURT:

Dated:

_____
United States Bankruptcy Judge