**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
The Honorable Michael E. Romero

| | |
|---|---|
| In re: | Case No. 25-10799 MER |
| Chaim David Benell, | Chapter 13 |
| Debtor. | |

**ORDER DISMISSING CASE**

THIS MATTER comes before the Court on the Chapter 13 Trustee's Motion to Dismiss for Failure to Make Plan Payments ("**Motion to Dismiss**") and the Response filed by the Debtor, Chaim Benell ("**Benell**").[1]

Benell initiated this Chapter 13 case on February 17, 2025. At that time, he was represented by counsel. Benell confirmed a Chapter 13 plan ("**Plan**") on June 20, 2025. On November 11, 2025, the Trustee filed his Motion to Dismiss, indicating Benell had stopped making his required monthly plan payment, with the last payment received in September 2025. Benell, though counsel, filed a Response on November 26, 2025. The Response offered various reasons for Benell's failure to make plan payments, indicated Benell would be firing his counsel, and asked for additional time to obtain new counsel and/or address issues with the Trustee. Benell's counsel subsequently withdrew from the case.

On January 9, 2026, this Court entered an Order noting Benell did not deny being behind on plan payments and giving Benell until January 30, 2026, to file either: (a) a verified joint statement, signed by the Chapter 13 Trustee, certifying Benell was current on plan payments; (b) a stipulation in which the parties set forth their agreement regarding payment of arrearages over time; or (c) some other appropriate pleading addressing payment of arrearages.[2] Benell did not get current and did not reach an agreement with the Trustee. Instead, he filed a "Motion to Determine Estate Liability for Wasting of Assets, Objection to Dismissal Due to Fiduciary Negligence and Emergency Motion to Continue Deadline and Enjoin Bad-Faith Action" ("**Motion to Continue**").[3] In the Motion to Continue, Benell states that he is currently homeless and unemployed. He offers various reasons why he has been unable to make plan payments and indicates he wishes to sue various parties who he believes have caused him harm,

---

[1] ECF No. 67, 70.

[2] ECF No. 81.

[3] ECF No. 90. On February 3, 2026, Benell filed an "Emergency Motion for Leave to Commence Adversary Proceedings, Join Necessary Parties, And Proffer of Evidence" also asking that dismissal of his case be stayed. ECF No. 94.

including his former employer, former tenants, his insurance company, and two creditors. Benell asks that the Court grant an "emergency continuance" of at least 90 days to permit him to file adversary proceedings against these various parties.

Pursuant to 11 U.S.C. § 1307(c)(6), a debtor's material default of a term of a confirmed plan is cause for dismissal of a case. Benell does not deny he defaulted by failing to make a plan payment for at least the last four months. Due to his unemployment, Benell lacks the ability to make payments or to cure the payment arrearage. Thus, the Court finds cause to dismiss this case.

The Court understands Benell has faced various post-petition challenges regarding his real property and employment. However, those issues do not excuse him from meeting the obligations of his confirmed Plan. To the extent Benell wishes to litigate against various third parties, those claims are more appropriately brought in state court. This Court lacks jurisdiction to decide employment, eviction, and insurance matters against non-creditor third parties. In any event, the Plan in no way contemplates awaiting the outcome of speculative litigation to fund Plan payments.[4] Although Benell now appears to be challenging the proofs of claim filed by two creditors (First National Bank of Omaha and National Funding, Inc.), the time to raise those objections was prior to Plan confirmation.[5] Accordingly, it is hereby

ORDERED that:

1. The Trustee's Motion to Dismiss is GRANTED. Benell's Motion to Continue is DENIED.

2. THIS CASE IS DISMISSED. The clerk of court shall serve this order on all creditors and parties in interest within five (5) days.

3. In accordance with 11 U.S.C. § 349(b)(1) and (2), any transfer avoided under sections 522, 544, 545, 547, 548, 549, or 724(a) of Title 11, or preserved under sections 510(c)(2), 522(i)(2), or 551 of Title 11, is reinstated; any lien voided under section 506(d) of Title 11 is reinstated; and any order, judgment, or transfer ordered under sections 522(i)(1), 542, 550, or 553 of Title 11 is vacated.

4. All property of the estate, except payments made by Debtor(s) to the Trustee, shall revest in Debtor(s) as of the date of this Order pursuant to 11 U.S.C. § 349.

---

[4] Benell has not sought to modify his Plan under 11 U.S.C. § 1329 to allow for the litigation outlined in his Motion to Continue. The likelihood Benell would achieve such a modification is low. Any argument by Benell that he is entitled to "surcharge" the Chapter 13 Trustee's bond to fund the Plan is wholly without basis.

[5] *See* Proof of Claim Nos. 3-1, 8-1. Benell's Plan specifically provides for payment in full of First National Bank of Omaha's secured claim. ECF No. 29, at § 7.5. National Funding, Inc. asserts an unsecured claim. Benell's Plan provides for payment of $30.37 to all class 4 unsecured creditors. Allowance or disallowance of National Funding's claim would have no material impact on Benell's Plan.

     5. Within thirty (30) days of the date of this order, the Trustee shall distribute payments received from Debtor(s) in accordance with the terms of the confirmed plan. 11 U.S.C. § 1326(a)(2).

     6. All other pending motions are DENIED as moot.

Dated: February 6, 2026         BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court